UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

**CIVIL ACTION NO. 22-88-DLB**

**BRITTANY HATFIELD**                                                                              **PLAINTIFF**

**v.**                                      **<u>MEMORANDUM ORDER</u>**

**CORDANT HEALTH SOLUTIONS and**
**DANNIE L. COMMODORE**                                              **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

**I.**     **INTRODUCTION**

This matter is before the Court on Plaintiff Brittany Hatfield's Motion to Remand and Defendants Cordant Health Solutions and Dannie L. Commodore's Motion to Dismiss. (Docs. # 4 and 5). Both motions have been fully briefed and are thus ripe for review. (Docs. # 6, 8, 9, and 11). Because Defendants have failed to meet their burden to establish that removal was proper, Plaintiff's Motion to Remand is **granted** and Defendants' Motion to Dismiss is **denied as moot**.

**II.**     **FACTUAL AND PROCEDURAL BACKGROUND**

The facts underlying this matter are straightforward: the Plaintiff employee alleges that her employer reduced her work hours to avoid giving her full-time pay and healthcare benefits during and after her pregnancy. (Doc. # 1-1). Hatfield was employed as a pharmacy coordinator at full-time status by Defendants, which included healthcare benefits. (*Id.* at 2). Hatfield discovered she was pregnant and later that the pregnancy was high-risk due to a diagnosis of cholestasis, which she shared with fellow employee, Defendant Commodore in May 2022. (*Id.*). She later informed Defendants that she would

1

likely deliver early and that she anticipated taking medical leave for several weeks afterwards, as well as leave for various medical appointments during the pregnancy. (*Id.* at 3).

On July 8, 2022, Defendants informed Hatfield that due to financial difficulties she was being reduced to a part-time employee, which would eliminate her fringe benefits, including healthcare. (*Id.*). Hatfield noticed that no other employees had their hours reduced; instead, her co-worker, Roy Standifur, who was employed in her same position, remained at full-time status, and was even afforded overtime each week. (*Id.* at 3-4). She alleges that her reduction in hours was either in whole or in part due to her pregnancy and Defendants' knowledge that she would rely heavily on her medical benefits. (*Id.* at 4). Hatfield asserts that this treatment amounts to discrimination and that Commodore assisted in engaging in that discrimination. (*Id.*).

As a result of Defendants' alleged actions, Hatfield claims that she suffered emotional distress and seeks punitive damages. (*Id.*). The Complaint alleges in Count I that Defendants violated Kentucky Revised Statute 344.040 for discrimination and retaliation based on sex and pregnancy; Count II alleges a disparate impact claim; Count III alleges a disparate treatment claim; and Count IV alleges intentional infliction of emotional distress. (*Id.* at 5-8). The Complaint was originally filed by Hatfield in Pike Circuit Court, but Defendants later removed to this Court. (Docs. # 1 and 1-1). Hatfield asserts that removal was improper and seeks remand to Pike Circuit Court, while Defendants argue this Court should retain jurisdiction and grant their pending Motion to Dismiss. (Docs. # 4 and 5). Because remand deals with this Court's jurisdiction, the Court must first address Hatfield's Motion to Remand.

2

### III. ANALYSIS

#### A. Federal Question Jurisdiction

As an initial matter, Defendants—because they are the removing parties—bear "the burden of demonstrating federal jurisdiction, and *all doubts should be resolved against removal*." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (emphasis added) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)). If removal was improper, the action should be remanded back to the originating state court and the order for remand is not appealable. *See Dunch v. Nat'l Union Fire Ins. Co. of Pa.,* 43 F. App'x. 918, 920 (6th Cir.2002) (28 U.S.C. "[s]ection 1447(d) 'prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ.'") (quoting *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 343 (1976)).

A defendant may remove a civil action brought in state court to a federal court embracing the place where such action is pending only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. Federal courts have original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States," commonly referred to as federal-question jurisdiction. 28 U.S.C. § 1331. Typically, federal-question jurisdiction is invoked by a plaintiff who pleads a cause of action that is created by federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005). The doctrine of preemption provides an exception to this general rule in that it allows claims preempted by federal law to be removable in limited circumstances. *See, e.g., Langley v. DaimlerChrysler Corp.*, 502

3

F.3d 475, 483 (6th Cir. 2007).

Defendants contend that the doctrine of preemption as it relates to the Employee Retirement Income Security Act (ERISA) grants this Court federal question jurisdiction. (Docs. # 1-1 and 9).  There are two types of ERISA preemption, (1) "complete preemption," a subject-matter "jurisdictional doctrine" that applies to disputes arising from removal, and (2) "express preemption," related to a claim's substantive merit (as opposed to subject-matter jurisdiction), that does not provide a basis for removal and creates only a traditional preemption defense.  *Wilson v. Unum Grp.*, No. 20-CV-122-DLB, 2021 WL 4268046, at *2 (E.D. Ky. Sept. 20, 2021) (internal citations and quotations omitted). Defendants contend complete preemption made removal appropriate in this matter.

Complete preemption, derived from 29 U.S.C. § 1132, serves as an exception to the "well-pleaded complaint" rule, in that it allows a defendant to establish subject-matter jurisdiction only on the basis of a federal *defense* to a state law claim, which is usually not sufficient.  *See K.B. ex rel Qassis v. Methodist Healthcare – Memphis Hosp's.*, 929 F.3d 795, 799 (6th Cir. 2019).  Accordingly, disputes involving complete preemption usually arise when a case is removed from state court by a defendant under ERISA preemption, and then a plaintiff moves to remand, such as the case here.  *Id.*; *see, e.g., Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609 (6th Cir. 2013); *Harvey v. Life Ins. Co. of N. Am.*, 404 F. Supp. 2d 969 (E.D. Ky. 2005).

However, "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987) (internal citations omitted).  For complete preemption to apply, this Court must conclude that "the common law or statutory claim under state law should be characterized as a

4

superseding ERISA action 'to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B)." *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 614 (6th Cir. 2001) (quoting *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995)).  A claim is completely preempted when (1) the plaintiff complains about the denial of benefits to which she is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms.  *Hackney v. AllMed Healthcare Mgmt. Inc.*, 679 F. App'x 454, 457 (6th Cir. 2017) (internal quotations and citations omitted).  The Court will address each prong even though both must be met for complete preemption to apply.[1]

### 1.   Terms of an ERISA Plan

"A claim likely falls within the scope of § 1132 when the only action complained of is a refusal to provide benefits under an ERISA plan and the only relationship between the plaintiff and defendant is based on the plan."  *Id.*  (internal quotations and citations omitted).  While Hatfield does reference her medical benefits in the Complaint, the Court is not convinced this is sufficient.  (Doc. # 1-1 at 2-7).

In *Wright*, the Sixth Circuit held that a state law discrimination claim is not preempted by ERISA when reference to an eligible plan in the complaint "is simply a reference to specific, ascertainable damages . . . suffered as a proximate result of [plaintiff's] discrimination termination."  262 F.3d at 615.  The court further held that the plaintiff's suit "is not a lawsuit claiming wrongful withholding of ERISA covered plan

---

[1]   The parties do not dispute that Hatfield benefitted from an ERISA eligible plan so the Court will assume she did since it will not alter the outcome of the Court's preemption analysis.

5

benefits; it [claims] race and sex discrimination and retaliation resulting in damages, one component of which is a sum owed under the [plan]." *Id.* In *Warner*, the Sixth Circuit also rejected an ERISA preemption argument in the context of an age discrimination suit because the matter was "a straight state age discrimination case which has no counterpart or superseding cause of action in ERISA." 46 F.3d at 534. The court found it compelling that the action did not seek to recover under, enforce, or assert rights under the ERISA plan. *Id.*

Hatfield's claims all revolve around her pregnancy and alleged discrimination resulting therefrom; her claims do not seek recovery of benefits, to enforce her rights, or to clarify her rights. (Doc. # 1-1). While she does reference her loss of medical benefits, she does so to emphasize the background behind the discrimination she allegedly suffered. Ultimately, she asserts that she has suffered lost wages and benefits *due* to discrimination. (Doc. # 1-1 at 5-8). At best, her claims are analogous to the plaintiff in *Wright* wherein the reference to the plan benefits is *a part of her claim of damages*. 262 F.3d at 615. So, unlike *Hackney*, Hatfield's purported damages arise from more than the denial of her disability benefits. 679 F. App'x at 458; *see Smith v. Commonwealth Gen. Corp.*, 589 F. App'x 738, 744 (6th Cir. 2014) (finding complete preemption where all of the plaintiff's claims seek to enforce the terms of or seek a benefit from an ERISA governed plan); *see also McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 481 (6th Cir. 2014) (holding that employee's fraudulent-inducement claim was not preempted by ERISA when employee was seeking damages for injuries related to benefits). Moreover, Hatfield's relationship with Defendants is based on more than just the ERISA plan. *Hackney*, 679 F. App'x at 457. Therefore, the first prong does not support a finding of

complete preemption of Hatfield's claims.  This alone is sufficient to find a lack of preemption, but the Court will briefly address the second prong.

### 2. *Independent Legal Duty*

"A state-law tort is independent of ERISA when the duty conferred was not derived from, or conditioned upon, the terms of the plan and there is no need to interpret the plan to determine whether that duty exists."  *Id.* at 458 (internal citations and quotations omitted).  For example, "a claim for tortious interference with a plaintiff's right to receive benefits under an ERISA plan [is] not preempted when the claim [does] not require the interpretation of any plan terms.  *Id*. (internal citations omitted).  Here, whether Hatfield was discriminated against does not require the Court to interpret any plan terms.  Therefore, this prong also counsels against a finding of complete preemption.  Accordingly, there is no federal question jurisdiction for this Court to assert in this matter because all of Hatfield's claims rely on state law and there is no complete preemption.

### B.    Diversity Jurisdiction

Defendants also assert that there is diversity jurisdiction in this matter.  If this Court lacks diversity jurisdiction too, then this matter must be remanded to Pike Circuit Court.  Again, Defendants bear the burden of demonstrating federal jurisdiction and all doubts should be resolved against removal.  *Harnden*, 496 F.3d at 581(citing *Eastman*, 438 F.3d at 549-50).  This Court has original "diversity" jurisdiction of all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" those who are "citizens of different states."  *See* 28 U.S.C. § 1332(a)(1).  For diversity jurisdiction to attach, "'all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation.'"

7

*Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).  Here, the parties dispute both whether the amount in controversy and citizenship requirements have been met.  Because the amount in controversy requirement has not been met, the Court need not address the issue of fraudulent joinder.

The Sixth Circuit requires "the removing defendant [to] show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).  "Courts discern the amount in controversy by consulting *the face of the complaint* and accepting the plaintiff's good faith allegations." *Encore Energy, Inc. v. Morris Kentucky Wells, LLC*, No. 20-5161, 2020 WL 8511672, at *2 (6th Cir. Oct. 6, 2020) (internal citations and quotations omitted) (cleaned up).  Here, Hatfield requests compensatory and punitive damages, statutory costs, attorney fees, pre-judgment and post-judgment interest.  (Doc. # 1-1 at 8).  The Court must determine whether Defendants have shown it is more likely than not that these categories exceeded this Court's jurisdictional minimal amount of $75,000 at the time of removal. *Est. of Beard v. G4S Secure Sols. USA, Inc.*, No. 3:18-CV-00493-RGJ, 2019 WL 1410909, at *2 (W.D. Ky. Mar. 28, 2019) (internal citations omitted).

As for compensatory damages, the parties agree that Hatfield is paid $18.02 per hour for 40 standard hours of work.  (Docs. # 1 at 6 and 11 at 6).  If Hatfield was reduced to part time, approximately 20 hours per week, then her compensatory damages would be roughly half of her annual income.  (*See* Docs. # 1 at 6 and 11 at 6).  That would amount to approximately $18,740.  Even assuming attorney fees, interest, and punitive

8

damages double this amount, then the amount in controversy would still not even be halfway met.  Moreover, the Court finds that Defendants' argument speculating as to the combination of damages in this matter unconvincing.  *See Est. of Beard*, 2019 WL 1410909, at *3 (holding that argument that request for punitive damages, attorney fees, and other mental and emotional damages were too speculative to meet the amount in controversy when backpay to the plaintiff would have amounted in approximately $30,000).  Situations like this underscore why it is "wise [for defendants] to engage in pre-removal discovery to clarify the amount in controversy."  *Id.* at *2 (citing and quoting *Shannon v. PNC Bank, N.A.*, No. 3:14-CV-00421-CRS, 2015 WL 3541850, at *3 (W.D. Ky. June 2, 2015).  For these reasons, Defendants have entirely failed to meet their burden to show that removal was proper under this Court's diversity jurisdiction.

## IV.   CONCLUSION

Having considered the parties' arguments and the applicable law, Defendants have failed to carry their burden and prove that removal was proper in this matter.  Accordingly,

**IT IS ORDERED** that:

(1)   Plaintiff's Motion to Remand (Doc. # 4) is **GRANTED**, and this matter is remanded to the Pike Circuit Court;

(2)   Defendants' Motion to Dismiss (Doc. # 5) is **DENIED AS MOOT**; and

(3)   This matter is **STRICKEN** from the Court's active docket.

This 28th day of June, 2023.



Signed By:
*David L. Bunning*   *DB*
United States District Judge